UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THE ESTATE OF JAMES LEE DIMAGGIO, et. al, <br><br> Plaintiffs. <br> v. <br><br> THE UNITED STATES, et. al, <br><br> Defendants. | Case No. 1:15-cv-311-EJL <br><br> ORDER AND JUDGMENT |

    Before the Court is the parties' Joint Motion To Enter Final Judgment As To Counts 4-9 and To Stay Pretrial Proceedings. (Dkt. 43.) The Motion is made pursuant to Federal Rule of Civil Procedure 54(b) which allows the Court to direct entry of a final judgment as to one or more, but fewer than all, claims or parties where the Court determines "there is no just reason for delay." Fed. R. Civ. P. 54(b). In making that determination, the Court considers the finality and severability of the claims or parties upon which judgment will be entered and the efficiency of judicial administration in light of several important factors. *See Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005); *Mountain View Hosp., L.L.C. v. Sahara, Inc.*, No. 4:07-cv-00464-BLW, 2012 WL 397604, at *1 (D. Idaho Feb. 7, 2012) (listing factors).

In this case, the Court has entered Orders dismissing Plaintiffs' common-law tort claims against the United States (Counts 5-9) and Plaintiffs' statutory wrongful death tort claim against the United States (Count 4). (Dkt. 27, 36.) The parties here agree that there is no just reason for delaying entry of final judgment of the dismissed claims against the United States because the facts and law underlying those claims are distinct and irrelevant to the remaining *Bivens* claims. (Dkt. 43.) The parties further agree that severing the dismissed claims and entering final judgment on those claims will allow Plaintiffs to purse an immediate appeal and would streamline the litigation and conserve judicial and party resources by bringing a potentially case-dispositive issue to the fore for immediate resolution. Further, delaying entry of final judgment on the dismissed claims will avoid unnecessary piecemeal appeals. The Court agrees with the parties and, for these reasons, will grant the Rule 54(b) Motion and issue a final judgment on Counts 4-9.

The Court will also grant the parties' request that the remaining Counts be stayed pending resolution of the forthcoming appeal. Doing so conserves judicial resources and does not prejudice the parties. Just the opposite, the stay will allow the parties to pursue a more efficient method for taking an immediate appeal and avoiding piecemeal litigation.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Motion (Dkt. 43) is **GRANTED** as follows:

1.  **FINAL JUDGMENT IS HEREBY ENTERED** as to Counts 4-9.

2. All pretrial proceedings are **HEREBY STAYED** pending the resolution of the forthcoming appeal by Plaintiffs of the Court's Order dismissing the United States.

3. Counsel for Plaintiffs and Defendant United States shall notify the Court within five (5) days of the resolution of the anticipated appeal by submitting a motion to lift stay or other appropriate filing.

DATED: January 18, 2018

/s/ Edward J. Lodge

Honorable Edward J. Lodge
United States District Court