**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 24 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ESTATE OF JAMES LEE DIMAGGIO and LORA DIMAGGIO ROBINSON, Plaintiffs-Appellants, v. UNITED STATES OF AMERICA; et al., Defendants-Appellees. | No. 18-35206 D.C. No. 1:15-cv-00311-EJL MEMORANDUM* |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Argued and Submitted February 4, 2019
Seattle, Washington

Before: IKUTA and CHRISTEN, Circuit Judges, and CHOE-GROVES,** Judge.

Plaintiffs-Appellants, the Estate of James Lee DiMaggio (Estate) and Lora DiMaggio Robinson (Robinson), appeal the district court's dismissal of their wrongful death claim. We have jurisdiction pursuant to 28 U.S.C. § 1291. "We

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Jennifer Choe-Groves, Judge for the United States Court of International Trade, sitting by designation.

review a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) de novo." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 698–99 (9th Cir. 1998). We reverse the district court's dismissal of Plaintiffs' wrongful death claim and remand for further proceedings.

James Lee Dimaggio (DiMaggio) was shot and killed by FBI agents. DiMaggio is survived by his sister Robinson. Plaintiffs brought an action in the District of Idaho alleging numerous claims, including a wrongful death claim against the United States. Idaho's wrongful death statute provides that "[w]hen the death of a person is caused by the wrongful act or neglect of another, his or her heirs or personal representatives on their behalf may maintain an action for damages against the person causing the death . . . ." Idaho Code Ann. § 5-311(1). Robinson may only maintain a wrongful death action if she qualifies as DiMaggio's "heir" pursuant to the statute, and DiMaggio's Estate may only maintain a wrongful death action as a trustee on behalf of DiMaggio's heirs.[1] *See Farm Bureau Mut. Ins. Co. of Idaho v. Eisenman*, 286 P.3d 185, 189–90 (Idaho 2012). The only question on appeal is whether Robinson meets the definition of "heirs" provided by Idaho Code Ann. § 5-311(2)(a), which defines "heirs" as

---

[1] DiMaggio's sister Robinson is the only alleged heir. Thus, whether the Estate can maintain a wrongful death action also depends on whether Robinson qualifies as DiMaggio's "heir."

"[t]hose persons who would be entitled to succeed to the property of the decedent according to the provisions of subsection (22) of section 15-1-201, Idaho Code." Idaho Code Ann. § 15-1-201(22) is located within Idaho's Uniform Probate Code and states that "'[h]eirs' means those persons, including the surviving spouse, who are entitled under the statutes of intestate succession to the property of a decedent."

We look to the Idaho statutes of intestate succession to determine whether Robinson is DiMaggio's "heir."[2] Idaho's intestate succession statute provides that the order of intestate succession is: (1) surviving spouse; (2) issue of the decedent; (3) parents of the decedent; (4) issue of the parents; and (5) grandparents of the decedent. Idaho Code Ann. § 15-2-103. It is undisputed that DiMaggio has no surviving spouse, children, or parents. Thus, DiMaggio's sister Robinson is his "heir" pursuant to the Idaho statutes of intestate succession.

The district court incorrectly concluded that *no* heir of DiMaggio could maintain a wrongful death action in Idaho pursuant to subsection (2)(a) because

---

[2] Plaintiffs argue on appeal, for the first time, that the court should have looked to the California statutes of intestate succession to determine whether Robinson is DiMaggio's "heir" because DiMaggio was a California resident at the time of his death. Even assuming Plaintiffs did not waive this argument, the Idaho statutes of intestate succession apply. *Whitley v. Spokane & Inland Ry. Co.*, 132 P. 121, 123–24 (Idaho 1913), *aff'd sub nom. Spokane & Inland Empire Ry. Co. v. Whitley*, 237 U.S. 487 (1915) (looking to the "laws of Idaho" to determine who qualified as a non-resident decedent's heirs).

DiMaggio is a California resident with no property in Idaho. *See* Idaho Code Ann. § 15-1-301. The Idaho Supreme Court has never suggested that the jurisdictional requirements for probating an estate are a prerequisite for maintaining a wrongful death action. *See Whitley v. Spokane & Inland Ry. Co.*, 132 P. 121, 124 (Idaho 1913), *aff'd sub nom. Spokane & Inland Empire Ry. Co. v. Whitley*, 237 U.S. 487 (1915) (holding that a nonresident decedent's mother qualified as decedent's "heir" for purposes of maintaining a wrongful death action in Idaho, even though the Uniform Probate Code's jurisdictional requirements were not satisfied).[3]

*Nebeker v. Piper Aircraft Corp.*, 747 P.2d 18 (Idaho 1987), does not change our conclusion that Robinson qualifies as DiMaggio's "heir" for purposes of maintaining a wrongful death action. In *Nebeker*, the Idaho Supreme Court held

---

[3] Our dissenting colleague does not explain how Idaho law can be reconciled with her suggested statutory interpretation mandating that the Probate Code's jurisdictional requirements be satisfied. For over a century, Idaho has referred to its intestate succession statutes to determine who qualifies as an heir for purposes of a wrongful death action. *Nebeker v. Piper Aircraft Corp.*, 747 P.2d 18, 22 (Idaho 1987). When the Idaho legislature amended its wrongful death statute to include a statutory definition of heirs, it adopted the Probate Code's definition of "heir," thereby specifying that the intestate succession statutes determine a decedent's heir for purposes of subsection (2)(a) of the wrongful death statute. *See id.* Idaho has never indicated that the jurisdictional requirements for initiating a probate action—such as probating an estate or administering a trust—apply to a wrongful death action. *See, e.g.*, *Whitley*, 132 P. at 124. We see no reason to apply the Probate Code's jurisdictional requirements because there is no probate action here.

that only decedent's surviving spouse, and not decedent's children, could bring a wrongful death claim because the children could not satisfy a prerequisite condition imposed by the intestate succession statutes then in effect. 747 P.2d at 20–21. We read *Nebeker* as holding that if an individual has a contingent interest in the decedent's property, and that contingency has not been satisfied, then that individual is not an "heir" for purposes of maintaining a wrongful death action. Robinson qualifies as DiMaggio's "heir" under subsection (2)(a) of the Idaho wrongful death statute because DiMaggio has no living relatives with greater priority under Idaho's intestate succession statutory scheme, and there is not a condition precedent that Robinson need satisfy before being entitled to inherit DiMaggio's property. Robinson and the Estate (on behalf of Robinson) may maintain a wrongful death action.

**REVERSED AND REMANDED**